IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2058-BO

| | |
|---|---|
| COREY ALLAN DONALDSON,<br>Petitioner, | )<br>)<br>) |
| v. | )     **ORDER** |
| TRACEY JOHNS,<br>Respondent. | )<br>)<br>)<br>) |

Corey Allan Donaldson ("petitioner"), a federal inmate filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review. See 28 U.S.C. § 2243. The petition and all other submitted filings are considered in this review. When it is clear on the face of the petition that a petitioner is not entitled to relief, the court need not seek a response from respondent. See id. For the reasons set out below, the petition is dismissed.

Petitioner challenges the conditions of his confinement while federally incarcerated at D. Ray James.[1] Pet. at # 5 ("Largely, I am challenging the conditions of my confinement."); # 7 ("I'm being punished for not going to a job I did not know I had."); # 8 ("I began a 40 day hunger strike to protest the illegal conditions of the prison, and so they transfered [sic] me . . . ); # 10 (". . . I am not challenging my conviction or sentence . . . I am challenging the illegal and inhumane conditions . . ."). Specifically, it appears Donaldson went on a hunger strike because of the conditions of confinement at D. Ray James while at D. Ray James Correctional Facility. Pet., Attch. "Notice of Hunger Strike." Because of the hunger strike he alleges that he was placed into segregation, his legal

---

[1] Petitioner is now housed at Rivers Correctional Institution in this district. Therefore, this is the proper district in which to file a petition brought under 28 U.S.C. § 2241. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' "); United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2013); 28 U.S.C. § 2242.

books were confiscated, and the prison interfered with his legal mail. Those appear to constitute his allegations.

A petition brought under section 2241 is appropriate to attack "the execution of a sentence." United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). Donaldson is not challenging the fact or length of his confinement; rather, he is challenging the conditions of his confinement. Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). In Preiser, the Supreme Court held that a writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement. Id. at 500. Thus, a state prisoner may not use 42 U.S.C. § 1983 and a federal prisoner may not use Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to seek release from unconstitutional confinement. See Preiser, 411 U.S. at 500. On the other hand, when an inmate challenges his conditions of confinement, whether seeking monetary or injunctive relief, the inmate may bring his claim pursuant to either 42 U.S.C. § 1983 (if a state prisoner) or Bivens (if a federal prisoner). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser, 411 U.S. at 494, 498–99; Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978).

An action may be a hybrid of habeas and Bivens when an inmate "seek[s] relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." Muhammad, 540 U.S. at 751; see Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state

confinement."). Here, success on the merits of the claims presented would not invalidate his conviction. Therefore, this action is not the type of hybrid action discussed in Muhammad and Wilkinson. Accordingly, the action is not appropriate under 28 U.S.C. § 2241.

For the reasons stated, the petition is DISMISSED without prejudice. Having so determined all other pending motions are DENIED as MOOT. D.E. 2, 7, and 9.

SO ORDERED, this the _10_ day of November 2015.

TERRENCE W. BOYLE
United States District Judge